UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:19-CR-00108-FDW-DSC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| NICHOLEON BERNARD HICKLEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release. (Doc. No. 25.) The United States responded (Doc. No. 29), Defendant timely replied (Doc. No. 32), and this matter is ripe for ruling. For the reasons set forth below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

On February 22, 2017, a cooperating defendant facilitated a controlled purchase of 108 grams of methamphetamine from Defendant. (Doc. No. 2, p. 2.) On March 8, 2017, law enforcement executed a search warrant at Defendant's residence where they seized more than 1,500 grams of methamphetamine. In a post-<u>Miranda</u> confession, Defendant admitted to trafficking in several pounds of methamphetamine since 2015 and having a .22 caliber rifle in his bedroom.

On April 23, 2019, Defendant pled guilty to Conspiracy to Distribute and Possession with the Intent to Distribute a Mixture of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. No. 8.) On September 30, 2019, the Court sentenced Defendant to 105 months imprisonment, five years of supervised release, and a $100 assessment. (Doc. No. 21, pp. 1, 3–4.)

1

In 2021, Defendant submitted a request to the warden for a reduction in his sentence. (Doc. No. 26, p. 1.) The warden denied his request on September 26, 2021, (Doc. No. 29-2), and Defendant subsequently filed a pro se Motion for compassionate release under 18 U.S.C. § 3582. (Doc. No. 25.) Defendant's projected release date is January 16, 2027. See https://www.bop.gov/inmateloc (last visited Feb. 29, 2024).

## II. STANDARD OF REVIEW

Defendant's motion seeks a reduction in his sentence in this case under 18 U.S.C. § 3582(c)(1)(A). A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." If a defendant has administratively exhausted a claim for release (or the Government does not contest the exhaustion requirement),[1] the district court generally conducts a two-step inquiry when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

First, the court determines whether the defendant is eligible for a sentence reduction. "A defendant is eligible if the court finds 'extraordinary and compelling reasons warrant such a reduction,'" id. (quoting § 3582(c)(1)(A)), and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

In 2023, the United States Sentencing Commission amended its policy statement to apply to defendant-filed motions for compassionate release, as permitted under the First Step Act of 2018, and expanded the list of circumstances sufficient to support such a motion under

---

[1] United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021) (recognizing the exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional, and it may be waived or forfeited).

§ 3582(c)(1)(A). See U.S. Sent'g Guidelines Manual § 1B1.13. The amendments became effective on November 1, 2023. Id. They supersede much of the case law that developed over the past several years while there was no policy statement applicable to defendant-filed motions. See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). However, while drafting the new policy statement, the Sentencing Commission considered case law that developed after the enactment of the First Step Act in the absence of a binding policy statement. See U.S. Sent'g Guidelines Manual § 1B1.13 amend. 814 (Supp. to App. C 2023) (discussing Amendment 814 in light of the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022)). While Defendant filed his Motion before the amendment became effective, this Court will evaluate the Motion under the current policy statement.

"Second, the court considers 'the factors set forth in section 3553(a) to the extent that they are applicable.'" Bond, 56 F.4th at 384 (quoting 18 U.S.C. § 3582(c)(1)(A)) (citing United States v. Kibble, 992 F.3d 326, 331(4th Cir. 2021)). Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" to comply with the basic aims of the statute. In considering whether a reduced sentence is warranted given the applicable § 3553(a) factors, the court considers, among others: "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;" the kinds of sentences available and sentencing ranges; and "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a). Notwithstanding the existence of "extraordinary and compelling reasons," the court retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. United States v. High, 997 F.3d 181, 186 (4th Cir.

3

2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction.").

Defendant submitted a supplemental exhibit documenting the warden's denial of his motion for compassionate release (Doc. No. 26), and the Government does not contest that Defendant exhausted his administrative remedies, (Doc. No. 29). Thus, the Court's analysis turns to whether Defendant presents extraordinary and compelling reasons supporting his release or a sentence reduction in light of the applicable § 3553(a) factors.

### III. ANALYSIS

Defendant argues the following constitute "extraordinary and compelling" reasons why the Court should grant his motion for compassionate release: (1) his health conditions place him at increased risk of complications from COVID-19; and (2) his spouse is incapacitated, and he is the only available caregiver for her and their minor child.

The policy statement now in effect authorizes the Court to find "extraordinary and compelling" reasons support release where a defendant is housed at a correctional facility "affected or at imminent risk of being affected by an ongoing outbreak of infectious disease" or public health emergency as declared by the appropriate authorities, personal health risk factors increase the defendant's "risk of suffering severe medical complications or death" as a result of the disease or public health crisis, and that risk "cannot be adequately mitigated in a timely manner." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(D). In May 2023, the federal government ended the national state of emergency to respond to COVID-19. National Emergencies Act, Pub. L. No. 118-3, 137 Stat. 6 (2023). Therefore, § 1B1.13(b)(1)(D) supports Defendant's argument only if he can show he is housed at a correctional facility "affected or at imminent risk of being affected by an ongoing outbreak of infectious disease" to which he is particularly susceptible.

Defendant argues his hypertension constitutes an "extraordinary and compelling" circumstance because he is at higher risk for complications if he contracts COVID-19. When considering whether a defendant's serious physical or medical condition warrants early release because of COVID-19, courts assess whether "'an inmate shows both a particularized susceptibility to COVID-19 and a particularized risk of contracting the disease at his prison facility.'" United States v. Brown, 78 F.4th 122, 128 (4th Cir. 2023) (quoting United States v. Hargrove, 30 F.4th 189 (4th Cir. 2022)).

Defendant does not show a particularized susceptibility or risk of contracting COVID-19 as a result of his hypertension. Certainly, the CDC indicates individuals with hypertension may be more likely to get very sick from COVID-19. People with Certain Medical Conditions, Centers for Disease Control and Prevention (May 11, 2023), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. But Defendant is fully vaccinated against COVID-19 (Doc. No. 29-3), and according to the CDC, vaccines are "highly effective in preventing the most severe outcomes from a COVID-19 infection." Benefits of Getting a COVID-19 Vaccine, Centers for Disease Control and Prevention (Sept. 22, 2023), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. Defendant has also received treatment for his hypertension while incarcerated at FCI Williamsburg. (Doc. No. 26.)

Further, Defendant is not housed at a correctional facility "affected or at imminent risk of being affected" by an ongoing COVID-19 outbreak. While Defendant was housed at FCI Williamsburg at the time he filed his Motion, he is now housed at FCI Beckley. See https://www.bop.gov/inmateloc/ (last visited Feb. 29, 2024). FCI Beckley currently reports zero active cases of COVID-19, and approximately forty-five percent of the inmate population—including Defendant—is fully vaccinated against the virus. See

https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited Feb. 29, 2024). On this record, Defendant's health and alleged susceptibility to COVID-19 do not present extraordinary and compelling reasons to reduce his sentence.

Defendant also argues that his spouse is incapacitated, he is the only available caregiver for her and their minor child, and this constitutes an extraordinary and compelling circumstance justifying compassionate release. Courts may grant compassionate release based on family circumstances where a defendant is the only available caregiver for a minor child or incapacitated spouse. U.S. Sent'g Guidelines Manual § 1B1.13(b)(3)(A)–(B). See United States v. Burrough, No. 3:04-CR-00191-FDW, 2022 WL 2318512 (W.D.N.C. June 28, 2022), reconsideration denied, No. 3:04-CR-00191-FDW, 2023 WL 4534919 (W.D.N.C. July 13, 2023); see also United States v. Landry, No. 2:16CR171 (RCY), 2021 WL 5493497 (E.D. Va. Nov. 22, 2021), aff'd, No. 21-7657, 2023 WL 1794154 (4th Cir. Feb. 7, 2023).

The record before the Court does not demonstrate Defendant is the only available caregiver for his wife, Hannah Hicklen, who suffers from stage IV cancer. At the time of Defendant's motion, a letter from his spouse's doctor stated that she was "currently independent" despite her stage IV cancer diagnosis. (Doc. No. 26, p. 2.) While in a subsequent letter, the doctor indicated that his patient "would benefit from having the stable, consistent love and support from her spouse," the doctor does not state that she is incapacitated or without another caregiver. (Doc. No. 34.)

Before this Court sentenced Defendant, a United States Probation Officer prepared a Presentence Report that included information about Defendant and the offense in this case. (Doc. No. 16.) That report indicates Defendant and Mrs. Hicklen separated seven months after marrying in 2011, and he identifies another individual, Fawn Smith, as his significant other. (Id., p. 21.)

6

Defendant further reports he has great relationships with his family. (Id., p. 20.) In support of the instant motion, Defendant represents that neither his mother, father, or two siblings are available as a caregiver to Mrs. Hicklen or their child but fails to explain why. Additionally, Defendant indicates that Mrs. Hicklen has no family available or willing to help her, but does not explain further. Moreover, Defendant does not address whether the parents of Mrs. Hicklen's other children, community members, or friends would be available to provide care to Mrs. Hicklen. Because Defendant failed to submit any evidence showing why no other party could serve as Mrs. Hicklen's caregiver, he is unable to show he is the *only* possible caregiver for Mrs. Hicklen. See U.S. Sent'g Guidelines Manual § 1B1.13 amend. 814 (Supp. to App. C p. 207) (stating that relief is available only where "the defendant establishes both the qualifying relationship and that the defendant is the only available caregiver"); see also United States v. Richardson, No. 5:18-CR-507-LFL, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020) ("The court declines to grant compassionate release in the absence of a robust evidentiary showing that defendant is the only available caregiver.").

Even if Defendant demonstrated extraordinary and compelling reasons for compassionate release, the applicable § 3553(a) factors do not support a reduction in Defendant's sentence. The nature and circumstances of the offense weigh against a sentence reduction. Defendant pled guilty to a serious drug offense, and law enforcement seized more than 1,500 grams of methamphetamine from Defendant's home. (Doc. No. 16, p. 5.) Defendant admitted he trafficked several pounds of methamphetamine since 2015 and possessed a .22 caliber rifle in his bedroom. (Id., p. 4.) Accordingly, the nature and circumstances of Defendant's crime were serious and both his role in the offense and the presence of a dangerous weapon near drugs weigh against a sentence reduction. See United States v. Reid, No. 2:02CR172-7, 2020 WL 7318266, at *3 (E.D. Va. Dec. 10, 2020)

(determining that the defendant's conduct was extremely serious because among other things the defendant served as a "manager" in a drug-trafficking conspiracy).

Additionally, with a criminal history score of 11, the Defendant has a lengthy and serious criminal history, which places him in criminal history category V. He has previously violated his supervised release, including when he committed the instant offense. Because the "Court is advised against grants of compassionate release when the petitioner is a danger to the safety of any person or to the community," releasing Defendant would not protect the public. Coleman v. United States, 465 F. Supp. 3d 543, 549 (E.D. Va. 2020). Furthermore, Defendant received a sentence of 105 months, which was below the advisory guideline range of 210 to 262 months. Because Defendant already received a departure from this guideline range, releasing him early would not promote respect for the law. United States v. Bryant, No. 4:19CR47-10 (DJN), 2020 WL 7497805, at *6 (E.D. Va. Dec. 21, 2020) (finding that "Defendant already received a sentence below the recommended advisory guideline range, and has over one year remaining on that sentence. . . . [and] compassionate release would not promote respect for the law."). Therefore, the § 3553(a) factors weigh against a reduction of Defendant's sentence.

For the forgoing reasons, Defendant fails to assert any extraordinary and compelling reasons for compassionate release and the § 3553(a) factors do not support a reduction of Defendant's sentence.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release, (Doc. No. 25), is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Signed: March 5, 2024

Frank D. Whitney
United States District Judge